# Smith, Appellant, *v.* County of Lackawanna.

*School Code—Prosecution for failure to send child to school—Dismissal of case—Costs of prosecution—Liability of county.*

In a prosecution under section 1423 of the Act of May 18, 1911, P. L. 309 (School Code), for failure to send a child to school, where it appeared that the defendant was discharged after a hearing, the costs cannot be placed upon the county in accordance with the provisions of the Act of September 29, 1791, 3 Smith's Laws 37.

Section 1429 of the School Code provides that if, at any time after the proceedings have been instituted relative to compulsory attendance, sufficient cause be shown by such defendant for noncompliance with its requirements, or if the costs of such proceedings cannot be collected from such offending person, such costs shall be paid out of the district fund upon proper voucher approved by the school directors. This act covers the whole subject of compulsory education, and under the School Code the question of the payment of costs is one in which the school district is alone concerned.

590 SMITH, Appellant, *v.* LACKAWANNA COUNTY.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.

Argued March 8, 1922. Appeal, No. 25, March T., 1922, by plaintiff from judgment of C. P. Lackawanna Co., Oct. T., 1920, No. 928, in favor of defendant on case stated in suit of Jacob Smith v. County of Lackawanna. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and LINN, JJ. Affirmed.

Amicable action in assumpsit and case stated, to determine liability of the County of Lackawanna for costs for prosecution under the Act of May 18, 1911, P. L. 309 (School Code). Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*R. L. Levy,* for appellant.

*George W. Ellis,* and with him *Herbert L. Taylor,* County Solicitor, for appellee.

OPINION BY TREXLER, J., April 17, 1922:

Mrs. Frank Holloran was charged before Jacob Smith, alderman, plaintiff in this action with having violated section 1423 of the Act of Assembly of the 18th of May, 1911, P. L. 309, known as the School Code, in that she refused to send her son, who was within school age, to school as required by law. The transcript, which is part of the record presented, shows "After hearing sworn proofs and allegations defendant discharged, as evidence was not sufficient to warrant conviction." The justice of the peace now asks the County of Lackawanna to pay the costs the matter being presented in a case stated. In order to hold the county some statutory authority for the payment of these costs by it must be shown. The plaintiff relies upon 13th section, Act of 29th September,

1791, 3 Smith Laws 37, which reads as follows: "Where any person shall be brought before a court, justice of the peace or other magistrate of any city or county in this Commonwealth having jurisdiction in the case, on the charge of being a runaway servant or slave or of having committed a crime and such charge, upon examination, shall appear to be unfounded, no costs shall be paid by such innocent person but the same shall be chargeable to and paid out of the county stock by such city or county." This section is still in force. See section 79 of Criminal Procedure Act 31 March, 1860, P. L. 427. A number of the county courts have decided that the above-quoted section does not apply when defendant is discharged in summary proceedings before a magistrate but with the exception noted in the section refers only to preliminary hearings where, after examination, the defendant is not bound over to court, but discharged. We come to the same conclusion. The inclusion of the charge of being a runaway servant or slave is significant, such charge was heard by the justices at their general quarter-sessions summarily by Act of 9th March, 1771, Bioren vol. 1, page 320, Act of 1st March, 1780, Ibid 492. The reference to this particular subject would indicate that the section has no application to other charges which were triable in a summary manner for the expression of one thing is the exclusion of another. Had the framers of the act considered that all offenses came under the word "crime" the insertion of this reference to a particular offense would have been unnecessary. We are convinced that with the exception noted the section refers to preliminary examination in which the question whether or not the defendant is to be held for trial is decided, and not to a trial as in summary proceeding. In the case of the County of Lehigh v. Schock, 113 Pa. 373, the court held that the word "crime" in the above section, Act 1791, is used in its general sense and means all indictable offenses just as it is used and means in section 64 of the Criminal Procedure Act of 1860.

We have come to the conclusion that there is no statutory authority for putting the costs of this case on the County of Lackawanna.

Section 1429 of the School Code provides "If any time after the proceedings have been instituted......under the provisions of this act, sufficient cause be shown by such offending person for noncompliance with its requirements, or if the cost of such proceedings cannot be collected from such offending person, such costs may be paid out of the district fund upon a proper voucher approved by the board of school directors." The act covers the whole subject of compulsory education. In section 1428 the names of all children absent three days or their equivalent are reported to the attendance officer, who is to serve a written notice (section 1423) on the parent or guardian of such children and upon failure to comply with the law within three days thereafter, the proper officer shall proceed against the person so offending. The intention is unmistakable that the entire matter of enforcing attendance is to be in the hands of the school district and the fines collected go to the district. If the person offending, that is one whose child or ward has been absent, presents sufficient cause for its absence, or if the costs cannot be collected from such offending person, the district may pay them. The section was intended to embrace all cases before the justice, where the parent or guardian was not convicted or if convicted, where such parent or guardian could not pay the costs. It was evidently not the intention of the framers of the act to have different classes of discharged cases under this section, in some of which the school district should pay the costs and others the county and even if that were the case, the transcript of the justice should affirmatively show that the case came within the kind in which the county was liable. We do not think the county is liable under the Act of 1791 and under the School Code the question of payment of costs is one in which the school district is alone concerned.

The judgment is affirmed.